IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY SUGGS, <u>et al.</u> | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-2662 |
| | : | |
| NATIONWIDE INSURANCE COMPANY | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                    **October   16, 2007**

      Plaintiffs Johnny Suggs, Tracy Burton, Cyesha Burton, and David Burton ("Plaintiffs") bring this action against Nationwide Mutual Fire Insurance Company ("Nationwide" or "Defendant"), asserting claims for breach of contract (Count One), bad faith pursuant to 42 Pa. C.S.A. § 8371 (Count Two), punitive damages pursuant to 42 Pa. C.S.A. § 8371 (Count Three), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. § 201-1 <u>et seq.</u> (Count Four).[1]  Now before the Court is Defendant's Motion for Partial Summary Judgment (the "Motion").  For the reasons that follow, the Motion will be granted.

**I. BACKGROUND**

      This case arises out of Plaintiffs' claim under a Nationwide insurance policy (the "Policy") for losses sustained on June 12, 2003 from the collapse of a residential building at 1321 South Cleveland Street in Philadelphia, Pennsylvania.  At the time, Plaintiff Johnny Suggs ("Suggs") was the owner of the building, and Plaintiffs Tracy Burton, Cyesha Burton, and David Burton (the "Burton Plaintiffs") were tenants.  Complaint at ¶¶ 6, 7.  Suggs seeks damages including loss of the structure, loss of future rents, demolition charges, and asbestos inspection

---

    [1]     Plaintiffs originally filed this action on May 19, 2004 in the Court of Common Pleas of Philadelphia County.  Defendant removed pursuant to 28 U.S.C. § 1332 on June 17, 2004.

1

fees. Id. at ¶ 10. The Burton Plaintiffs seek damages arising from the loss of their personal property. Id. at ¶ 11.[2] Defendant disputes that the Burton Plaintiffs' losses are covered under the Policy. See Answer ¶¶ 8, 12.

Under the section entitled "Coverage C - Personal Property," the Policy provides that:

> We cover personal property, usual to the occupancy as a dwelling and owned or used by you or members of your family residing with you while it is on the Described Location. At your request, we will cover personal property owned by a guest or servant while the property is on the Described Location.

Policy No. 58 37 DP 150537, attached to Motion at Exhibit C ("Exhibit C"). According to the Policy's "Definitions" section, "you" and "your" refer to "the 'named insured' shown in the Declarations and the spouse if a resident of the same household." Id. The Policy's "Declarations" section lists Johnny and Yvonne Suggs as the "named insureds." Id. The Burton Plaintiffs admit that they are not named as policyholders in the Policy, and that they are not related by blood or marriage to either Johnny or Yvonne Suggs. See Plaintiffs' Response to Request for Admissions ("Admissions") at 2, 6 (docket no. 10). They also admit that the Suggs did not reside with them at 1321 Cleveland Street. See id. at 6.

## II. LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

---

[2] All parties agree that the Policy was in full force and effect on the date of these alleged losses. See Complaint ¶ 12; Answer ¶ 12.

Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

## III. ANALYSIS

Defendant has moved for partial summary judgment on Counts One, Two, and Three with respect to the Burton Plaintiffs, arguing that they lack standing to assert those claims. In addition, Defendant has moved for partial summary judgment on Count Four with respect to all Plaintiffs on the ground that refusal to pay their claim is not actionable under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"). Since neither side disputes that Pennsylvania law applies, the Court will analyze each of Defendant's arguments under Pennsylvania state law.

### A. Breach of Contract

Plaintiffs allege that, by refusing to compensate them for their losses, Defendant has breached its contractual obligations under the Policy. See Complaint at ¶ 17-19. Defendant argues that the Burton Plaintiffs are neither parties to the Policy nor third party beneficiaries, and therefore, that they do not have standing to bring a breach of contract claim. See Memorandum

of Law in Support of Defendant's Motion for Partial Summary Judgment ("Def.'s Mem.") at 2-3. Plaintiffs contend that although the Burton Plaintiffs are not named policyholders, they have standing because they were intended to be third party beneficiaries of the Policy.

The role of interpreting an insurance policy generally is left to the Court rather than the jury. See 401 Fourth St., Inc. v. Investors Ins. Group, 583 Pa. 445, 454 (Pa. 2005) (quoting Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595 (Pa. 1999)). In that role, the Court must "ascertain the intent of the parties as manifested by the terms used on the written insurance policy." Id. Under Pennsylvania law, "in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." Scarpetti v. Weborg, 530 Pa. 366, 370 (Pa. 1992) (citing Spires v. Hanover Fire Ins. Co., 364 Pa. 52, 57 (Pa. 1950)).[3]

Although Suggs maintains that *he* intended the Burton Plaintiffs' personal property to be covered under the Policy, he has offered no evidence that Defendant shared such an intent. See Admissions at 7 ("It is admitted that, to Plaintiff, Johnny Sugg's [sic] belief, no documents exist memorializing *his* intent to provide coverage of his tenants' personal property." (emphasis added)).[4] Looking at the plain language of "Coverage C – Personal Property" in the Policy, it is

---

[3]  "[T]o be a third party beneficiary entitled to recover on a contract, it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking." Burks v. Fed. Ins. Co., 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005) (quoting Spires, 364 Pa. at 56-7).

[4]  Although the Pennsylvania Supreme Court has carved out an exception in certain cases to the requirement that a contract expressly state that a third party is intended to be a beneficiary, this exception "[does] not alter the requirement that in order for one to achieve third party beneficiary status, that party must show that *both* parties to the contract so intended, and

4

clear that personal property of the named insureds and their family located at 1321 South Cleveland Street would be covered, and that personal property of a guest or servant would be covered if the named insureds so requested.  <u>See</u> Exhibit C.  However, the Burton Plaintiffs do not fall into any of those categories, and Plaintiffs have offered no evidence that Defendant contemplated the Policy covering anyone other than those persons explicitly named in the contract.[5]  Therefore, the Court cannot conclude that the parties intended for the Burton Plaintiffs to be third party beneficiaries to the Policy.  <u>See, e.g.</u>, <u>Acme-Hardesty Co. v. Wenger</u>, 2003 WL 1847461, at *5 (Pa. Commw. Ct. Jan. 31, 2003).  Accordingly, the Burton Plaintiffs do not have standing to assert a breach of contract claim, and summary judgment will be granted against the Burton Plaintiffs on that claim.

      **B.**      **Bad Faith and Punitive Damages Pursuant to 42 Pa. C.S.A. § 8371**

Plaintiffs also allege that, in refusing to pay their claim, Defendant acted in bad faith in violation of 42 Pa. C.S.A. § 8371, and that they are entitled to punitive damages under that same statute.  "Pennsylvania law makes clear that the insurer's duty to act in good faith belongs to those persons who qualify as 'insureds' under the policy."  <u>Seasor v. Liberty Mut. Ins. Co.</u>, 941 F. Supp. 488, 490 (E.D. Pa. 1996); <u>see also</u> <u>Federico v. Charterers Mut. Assurance Ass'n Ltd.</u>, 158 F. Supp. 2d 565, 573 (E.D. Pa. 2001) ("42 Pa. C.S.A. § 8371 only grants standing to an individual who is an 'insured' under the insurance policy in question.").  Since the Burton Plaintiffs are not named insureds, family members of the named insureds, guests or servants for whom coverage was requested, or third party beneficiaries of the Policy, there is no dispute that

---

that such intent was within the parties' contemplation at the time the contract was formed."  <u>Burks</u>, 883 A.2d at 1088.

     [5]     Other provisions of the Policy use the term "tenant;" therefore, it is clear that had the parties intended for the Burton Plaintiffs' personal property to be included under Coverage C, they could have done so unambiguously.

they are not "insureds" under the Policy. Accordingly, they do not have standing to bring claims under 42 Pa. C.S.A. § 8371 for bad faith and punitive damages, and summary judgment will be granted against the Burton Plaintiffs on those claims.

  C. **Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. § 201-1 et seq.**

Defendant argues that summary judgment is appropriate on Count Four with respect to all Plaintiffs because they have failed to demonstrate that Defendant engaged in any malfeasance. "In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995) (citing Gordon v. Pa. Blue Shield, 378 Pa. Super. 256, 264 (Pa. Super. Ct. 1988)). "Moreover, alleged acts which are simply 'part and parcel' of the insurer's refusal to pay benefits do not constitute [malfeasance]." Baer v. Harford Mut. Ins. Co., 2005 WL 3054354, at *6 (E.D. Pa. Nov. 14, 2005) (citation omitted). "[Malfeasance] requires affirmative conduct, such as an act of misrepresentation or deception, or a reckless mistake made." Id. at *7 (citation omitted).

  The Complaint alleges that Defendant violated the CPL by:

> [F]ailing to give equal consideration to paying the claim as to not paying the claim, failing to objectively and fairly evaluate plaintiffs' claim, asserting policy defenses without a reasonable basis in fact, compelling plaintiffs to institute this lawsuit to obtain policy benefits that defendant should have paid promptly and without the necessity of litigation, acting unreasonably and unfairly in response to plaintiffs' claim, and otherwise unreasonably and unfairly withholding policy benefits justly due and owing plaintiffs...

Complaint ¶ 27. The real essence of this alleged conduct tends to show only that Defendant

refused to pay Plaintiffs' claim, and thus, that Defendant engaged in nonfeasance. However, even if some of Defendant's alleged conduct (such as asserting policy defenses without a reasonable basis in fact) could be read to support a claim of malfeasance, Plaintiffs' claim still must fail.

Federal Rule of Civil Procedure 56 states that parties opposing summary judgment "may not rest upon the mere allegations or denials of [their] pleading." Fed. R. Civ. P. 56(e). Rather, they must "by affidavits or as otherwise provided in [Rule 56] ... set forth specific facts showing there is a genuine issue for trial." Id. Plaintiffs have not offered a shred of evidence to support their allegations regarding Defendant's conduct.[6] Therefore, they have failed to show that there is a genuine issue of material fact on the CPL claim, and summary judgment on that claim is appropriate with respect to all Plaintiffs. See, e.g., Smith v. Am. Equity Ins. Co., 235 F. Supp. 2d 410, 413 (E.D. Pa. 2002) (granting summary judgment where the plaintiff had not offered any evidence to support a finding of malfeasance in violation of the CPL); Gringeri v. Md. Cas. Co., 1998 WL 212762, at *6 (E.D. Pa. Apr. 29, 1998) (same); Seidman v. Minn. Mut. Life Ins. Co., 40 F. Supp. 2d. 590, 596 (E.D. Pa. 1997) ("While an *allegation* of malfeasance may be sufficient for the more lenient requirements of a motion to dismiss, [the plaintiff] must present *evidence* to support an allegation of malfeasance to survive a motion for summary judgment." (emphasis added)).

**IV. CONCLUSION**

For the aforementioned reasons, Defendant's Motion for Partial Summary Judgment will be granted. An appropriate Order follows.

---

[6] In fact, Plaintiffs failed to respond to the portion of Defendant's Motion addressing the CPL claims.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY SUGGS, et al.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-2662 |
| | : | |
| **NATIONWIDE INSURANCE COMPANY** | : | |

# ORDER

**AND NOW**, this 16th day of October, 2007, upon consideration of Defendant's Motion for Partial Summary Judgment (docket no. 8), and Plaintiffs' Response thereto (docket no. 9), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, Plaintiffs Tracy Burton, Cyesha Burton, and David Burton shall be dismissed as parties to Counts One, Two, and Three. It is **FURTHER ORDERED** that Count Four of the Complaint shall be dismissed with respect to all Plaintiffs.

BY THE COURT:

/s/ Bruce W. Kauffman

BRUCE W. KAUFFMAN, J.